IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DOE, | Civil Action No. 2:08-cv-823 |
| Plaintiff, | |
| | CHIEF JUDGE DONETTA W. AMBROSE |
| vs. | |
| FAYETTE COUNTY CHILDREN AND YOUTH SERVICES; DAVID L. MADISON, Fayette County Children and Youth Services Administrator; RENEE COLL, Fayette County Children and Youth Services Caseworker; BRIAN DAVIS, Fayette County Children and Youth Services Caseworker; and KIM SCHUESSLER, Fayette County Children and Youth Services Caseworker, | *Electronically Filed* <br><br> **JURY TRIAL DEMANDED** |
| Defendants. | |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

AND NOW, comes the defendants, FAYETTE COUNTY CHILDREN AND YOUTH SERVICES, DAVID L. MADISON, Fayette County Children and Youth Services Administrator; RENEE COLL, Fayette County Children and Youth Services Caseworker, BRIAN DAVIS, Fayette County Children and Youth Services Caseworker, and KIM SCHUESSLER, Fayette County Children and Youth Services Caseworker, by and through their undersigned counsel, MEYER, DARRAGH, BUCKLER, BEBENEK & ECK, P.L.LC., and file the within Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, averring as follows:

P0852357.1

## "INTRODUCTION"

The "Introduction" section to plaintiff's First Amended Complaint constitutes plaintiff's counsel's summary and interpretation of the allegations of fact alleged in paragraphs 1 through 73 of the First Amended Complaint, and as such no response to plaintiff's "Introduction" is required. To the extent a response is deemed necessary, the defendants incorporate their responses to paragraphs 1 through 73 as though fully set forth at length herein. The defendants deny that they violated plaintiff's civil rights or that they are liable to the plaintiff in any manner or sum whatsoever; and further deny that any of plaintiff's requested injunctive relief is necessary or appropriate. As set forth in more detail herein, the defendants at all times acted in the best interests of the children and in accordance with the mandates of the United States Constitution as well as state and federal law.

## JURISDICTION AND VENUE

1. While it is denied that the defendants are liable to the plaintiff in any manner whatsoever, or that plaintiff is entitled to declaratory or injunctive relief, it is admitted that this Honorable Court has jurisdiction over the types of claims asserted in the Amended Complaint.

2. It is admitted that this Honorable Court has personal jurisdiction over the defendants, who are located in the Western District of Pennsylvania.

3. It is admitted that venue is proper in the Western District of Pennsylvania, and that the events giving rise to this action occurred within the Western District of Pennsylvania. It is denied that the defendants are liable to the plaintiff in any manner whatsoever.

## PARTIES

4. The averments set forth in paragraph 4 of plaintiff's First Amended Complaint are admitted.

5. The averments set forth in paragraph 5 of plaintiff's First Amended Complaint are admitted. By way of further response, Fayette County Children and Youth Services does, in fact, operate according to the mandates of the United States Constitution and in accordance with state and federal law.

6. The averments set forth in paragraph 6 of plaintiff's First Amended Complaint are admitted in part. It is admitted that defendant, David L. Madison, is the Administrator of FCCYS, and supervises the FCCYS caseworkers and supervisors. The averment regarding an alleged "policy" is denied in that it is not clear what alleged "policy" is referenced. The remaining averments set forth in paragraph 6 are conclusions of law to which no responsive pleading is required, and therefore the same are denied.

7. The averments set forth in paragraph 7 of plaintiff's First Amended Complaint are admitted in part. It is admitted that Ms. Coll was a caseworker with FCCYS. The remainder of the averments set forth in paragraph 7 constitute conclusions of law to which no responsive pleading is required, and therefore denies them. By way of further response, Ms. Coll acted at all times in conformity with the Constitution and with applicable law.

8. The averments set forth in paragraph 8 of plaintiff's First Amended Complaint are admitted in part. It is admitted that Mr. Davis was a caseworker with FCCYS. The remainder of the averments set forth in paragraph 8 constitute conclusions of law to which no responsive pleading

is required, and therefore denies them. By way of further response, Mr. Davis acted at all times in conformity with the Constitution and with applicable law.

9. The averments set forth in paragraph 9 of plaintiff's First Amended Complaint are admitted in part. It is admitted that Ms. Schuessler was a caseworker with FCCYS. The remainder of the averments set forth in paragraph 9 constitute conclusions of law to which no responsive pleading is required, and therefore denies them. By way of further response, Ms. Schuessler acted at all times in conformity with the Constitution and with applicable law.

## BACKGROUND

10. The averments set forth in paragraph 10 of plaintiff's First Amended Complaint are admitted in part. It is admitted that the plaintiff is 29 years old and that he is the natural father of three minor children and that he has partial legal custody of them. The remainder of the averments set forth in paragraph 10 are denied in that, after reasonable investigation, the defendants are without knowledge or information sufficient to form a belief as to their truth or falsity.

11. The averments set forth in paragraph 11 of plaintiff's First Amended Complaint are admitted.

12. The averments set forth in paragraph 12 are denied in that they are without knowledge or information sufficient to form a belief as to their truth or falsity.

13. The averments set forth in paragraph 13 of plaintiff's First Amended Complaint are denied as stated. The children have been living with their grandparents since the initiation of the investigation into the allegations that plaintiff abused his minor babysitter, referred to in the First Amended Complaint as "K.K." They have remained with their grandparents under agreed living arrangements, pursuant to a safety plan signed by plaintiff.

14.     The averments set forth in paragraph 14 of plaintiff's First Amended Complaint are admitted in part. Upon information and belief, Jane Doe received psychiatric care as alleged by plaintiff. The averment that she continues to undergo such care through the present is denied in that, after reasonable investigation, the defendants are without knowledge or information sufficient to form a belief as to its truth or falsity.

15.     The averments set forth in paragraph 15 of plaintiff's First Amended Complaint are admitted in part. It is admitted that the defendants never accused plaintiff of harming his own children. The allegation that plaintiff has "never" been accused by any other person is denied in that, after reasonable investigation, the defendants are without knowledge or information sufficient to form a belief as to their truth or falsity.

16.     The averments set forth in paragraph 16 of plaintiff's First Amended Complaint are admitted insofar as it is directed to accusations of child abuse that were brought to the attention of FCCYS.

## DEFENDANTS' INVESTIGATION OF PLAINTIFF

17.     The averments set forth in paragraph 17 of plaintiff's First Amended Complaint are admitted in part. It is admitted that plaintiff, at some point in time, formed a sexual relationship with K.K., a minor girl born on September 12, 1990, and that K.K. was his children's babysitter. The date on which plaintiff began his relationship with the minor has not been able to be established by these defendants. The remainder of the averments set forth in paragraph 17 are denied in that, after reasonable investigation, the defendants are without knowledge or information sufficient to form a belief as to their truth or falsity.

18. The averments set forth in paragraph 18 of plaintiff's First Amended Complaint are denied in that, after reasonable investigation, the defendants are without knowledge or information sufficient to form a belief as to their truth or falsity. By way of further response, FCCYS received a report that plaintiff was having sex with K.K. when she was fifteen (15) years of age.

19. The averments set forth in paragraph 19 of plaintiff's First Amended Complaint are admitted in part. It is admitted that plaintiff's sexual relationship with the girl was reported to the policy by a referral source. FCCYS is prohibited by statute from identifying the referral source, and as such, will neither confirm nor deny that the source was K.K.'s mother. Upon information and belief, K.K. lived at that time with her father, her father's girlfriend, and the plaintiff. The police's specific reasons for not charging the plaintiff are not known. It is admitted that 18 Pa. Cons. Stat Ann. § 3122.1 ("Statutory Sexual Assault"), a second degree felony, is not implicated by a relationship with a person at least sixteen years of age. This is irrelevant, however, because an adult having sex with a minor babysitter living in his home constitutes abuse under the Child Protective Services Law. Indeed, plaintiff is an indicated child abuser for his actions with respect to K.K. On appeal, the Department of Public Welfare upheld that finding. The remainder of the averments set forth in paragraph 19 constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, they are denied.

20. The averments set forth in paragraph 20 of plaintiff's First Amended Complaint are admitted.

21. The averments set forth in paragraph 21 of plaintiff's First Amended Complaint are admitted in part. It is admitted that Mr. Davis became involved in the case on September 22, 2006.

That he "initiated and assumed control" of the investigation is a conclusion of law to which no response is required, and is denied as stated.

22. The averments set forth in paragraph 22 are admitted in part. It is admitted that Mr. Davis sent plaintiff a letter on September 25, 2006. The remainder the averments set forth in paragraph 22 of plaintiff's First Amended Complaint constitute a partial, incomplete, and/or inaccurate paraphrase of a written letter that speaks for itself. These averments are admitted to the extent they are consistent with the letter attached as Exhibit 1, and denied to the extent that they are not.

23. The averments set forth in paragraph 23 of plaintiff's First Amended Complaint are admitted. K.K. and plaintiff both admitted that they had sex once K.K. turned sixteen. Neither admitted that plaintiff had sex with her before she was sixteen, which would have implicated plaintiff in the crime of felonious Statutory Sexual Assault under 18 Pa. Cons. Stat Ann. § 3122.1. By way of further response, K.K. also stated during the course of the investigation that she was in love with the plaintiff. The aforementioned referral source, on the other hand, made a statement to the Pennsylvania State Police that indicated that the plaintiff was having sex with K.K. when she was 15 years of age.

24. The averments set forth in paragraph 24 of plaintiff's First Amended Complaint constitute a partial, incomplete, and/or inaccurate paraphrase of a written letter that speaks for itself. The averments set forth in paragraph 24 are admitted to the extent they are consistent with the letter attached as Exhibit 2, and denied to the extent that they are not. The remaining allegations contain conclusions of law to which no response is required and, therefore, same are denied.

25.  The averments set forth in paragraph 25 of plaintiff's First Amended Complaint are admitted. By way of further response, the Department of Public Welfare denied plaintiff's appeal and upheld and agreed with the finding that plaintiff is an indicated sexual abuser.

26.  The averments set forth in paragraph 26 of plaintiff's First Amended Complaint constitute a partial and incomplete summary of the Child Protective Services Law, which speaks for itself.

27.  The averments set forth in paragraph 27 of plaintiff's First Amended Complaint constitute a partial and incomplete summary of the Child Protective Services Law, which speaks for itself.

28.  The averments set forth in paragraph 28 of plaintiff's First Amended Complaint constitute a partial and incomplete summary of the Child Protective Services Law, which speaks for itself.

29.  The averments set forth in paragraph 29 of plaintiff's First Amended Complaint are admitted.

30.  The averments set forth in paragraph 30 of plaintiff's First Amended Complaint are admitted.

**DEFENDANTS' IMPOSITION OF 9/26/06 SAFETY PLAN**

31.  The averments set forth in paragraph 31 of plaintiff's First Amended Complaint are admitted in part. It is admitted that Mr. Davis telephoned plaintiff on September 22, 2006 to inquire if there was anywhere the children could stay during the duration of the investigation, and that there had been no allegation that plaintiff had abused his own children. Plaintiff admitted to having sex with the minor, K.K., claiming only that he waited until after her sixteenth birthday before he started

to have sex with her. Based upon these allegations, FCCYS acted at all times in order to protect the children. The remainder of the averments set forth in paragraph 31 are denied.

33. The averments set forth in paragraph 32 of plaintiff's First Amended Complaint are denied as stated. Mr. Davis informed the plaintiff that he should not have contact with children while the investigation of child abuse was pending or FCCYS would have to consider juvenile court action. Plaintiff informed Mr. Davis that his children could go to their grandparents' house. Further, Mr. Davis gave plaintiff an appropriate and legally-sufficient oral notification of his rights to present evidence, to examine witnesses, and to an attorney should the court need to be petitioned.

33. The averments set forth in paragraph 33 of plaintiff's First Amended Complaint are admitted in part. It is admitted that plaintiff agreed that the children could stay with plaintiff's parents and told Mr. Davis of this agreement, and that the children left to stay the night with the parents. That Mr. Davis issued a "threat" is denied.

34. The averments set forth in paragraph 34 of plaintiff's First Amended Complaint are denied as stated. The conversation in question occurred on September 22, 2006.

35. The averments set forth in paragraph 35 of plaintiff's First Amended Complaint are denied as stated. It is admitted that plaintiff met with Mr. Davis, and that a safety plan was executed. It is denied that Mr. Davis informed plaintiff that he was "required" to sign the safety plan. The safety plan in question is a written document whose terms speak for themselves.

36. The averments set forth in paragraph 36 of plaintiff's First Amended Complaint are denied as stated. Mr. Davis provided plaintiff with an oral notification that if the juvenile court needed to be petitioned, he would be afforded the right to an attorney, to present evidence and to examine witnesses. The remainder of the averments set forth in paragraph 36 are denied. It is

further averred that plaintiff was given written information about his rights during the investigation process.

37. The averments set forth in paragraph 37 are admitted in part. It is admitted that plaintiff had supervised visits with his children. The remainder the averments set forth in paragraph 37 of plaintiff's First Amended Complaint are denied in that the defendants are without knowledge or information sufficient to form a belief as to their truth or falsity.

38. The averments set forth in paragraph 38 of plaintiff's First Amended Complaint are admitted.

39. The averments set forth in paragraph 39 of plaintiff's First Amended Complaint are admitted to the extent that FCCYS did not allege plaintiff mistreated his children. Any remaining allegations are denied in that the defendants are without knowledge or information sufficient to form a belief as to their truth or falsity.

## DEFENDANTS' IMPOSITION OF 8/1/07 SAFETY PLAN

40. The averments set forth in paragraph 40 of plaintiff's First Amended Complaint are admitted in part and denied in part. It is admitted that Caseworker Schuessler and state troopers met with plaintiff's parents at their home on August 1, 2007. The remainder of the averments set forth in paragraph 40 are denied. By way of further response, Ms. Schuessler told the plaintiff's parents that there was a misunderstanding as to whether supervised visitation was appropriate, and that there was an imminent risk and the need for plaintiff to engage in treatment before visitation with the children. Plaintiff's mother acknowledged that plaintiff was, at that time, under house arrest for making terroristic threats against Caseworker Davis. By way of further response, plaintiff was on

house arrest because he was convicted of threatening to kill Caseworker Davis and his family and threatening to burn FCCYS down.

41.  The averments set forth in paragraph 41 are denied. Caseworker Schuessler provided all legally required information to plaintiff's mother. Plaintiff's mother voluntarily agreed to sign the safety plan.

42.  The averments set forth in paragraph 42 are denied.

43.  The averments set forth in paragraph 43 of plaintiff's First Amended Complaint are admitted in part. It is admitted that on August 2, 2007, plaintiff spoke with Ms. Coll via telephone, that she asked plaintiff to orally agree to the terms of the safety plan, and that plaintiff agreed. The remainder of the averments set forth in paragraph 43 are denied in that the defendants are without knowledge or information sufficient to form a belief as to their truth or falsity.

44.  The averments set forth in paragraph 44 of plaintiff's First Amended Complaint constitute a partial, incomplete, and/or inaccurate paraphrase of a written safety plan which speaks for itself. Plaintiff's characterization of those documents, to the extent that said characterization is inconsistent with the express terms of the documents, are denied.

45.  The averments set forth in paragraph 45 of plaintiff's First Amended Complaint are admitted.

46.  The averments set forth in paragraph 46 of plaintiff's First Amended Complaint are admitted in part and denied in part. It is admitted that Ms. Coll met with plaintiff at his home on August 22, 2007 for a scheduled home visit. It is further admitted that Ms. Coll explained to plaintiff that although the previous caseworker told him that he could have contact with his children, that was not appropriate in light of the circumstances. She asked plaintiff to sign a copy of the safety

plan. She also explained to plaintiff that he needed an assessment to be done by George Yatsko and to follow Mr. Yatsko's recommendations. The remainder of the averments set forth in this paragraph are denied.

47. The averments set forth in paragraph 47 of plaintiff's First Amended Complaint are admitted in part and denied in part. It is admitted that plaintiff attended one sex offender treatment class after his visit with Ms. Coll. The remainder of the averments set forth in this paragraph are denied in that, after reasonable investigation, the defendants are without knowledge or information sufficient to form a belief as to their truth or falsity.

48. The averments set forth in paragraph 48 of plaintiff's First Amended Complaint are admitted in part and denied in part. It is admitted that plaintiff refuses to state that he is a perpetrator of sexual abuse, and disputes that his sexual relationship with K.K. constituted sexual abuse. The remainder of the averments set forth in this paragraph are denied in that, after reasonable investigation, the defendants are without knowledge or information sufficient to form a belief as to their truth or falsity.

49. The averments set forth in paragraph 49 of plaintiff's First Amended Complaint are admitted. By way of further response, on the same date, plaintiff's appeal counsel advised that he did not want plaintiff to attend the sex offenders program because Mr. Yatsko requires participants to admit to the act, and it was plaintiff's counsel's opinion that if he admitted to sexual abuse, it would destroy his appeal. Also by way of further response, Mr. Yatsko called Ms. Coll on August 30, 2007 to advise that it was Mr. Yatsko's opinion that plaintiff could not stop treatment, and that Mr. Yatsko would need to assess plaintiff's parents in order to establish supervised visitation with

the children. Mr. Yatsko opined that in order for plaintiff to have supervised visits, he would need to be in the sex offenders program. Mr. Yatsko again confirmed this on September 11, 2007.

50. The averments set forth in paragraph 50 of plaintiff's First Amended Complaint are admitted.

51. The averments set forth in paragraph 51 of plaintiff's First Amended Complaint are denied as stated. It is admitted that Ms. Coll requested that the final safety plan be signed by plaintiff's parents and that they agreed and signed the plan. The safety plan is a written document whose terms speak for themselves.

52. The averments set forth in paragraph 52 of plaintiff's First Amended Complaint are denied. Ms. Coll advised that plaintiff must be in the treatment program to have supervised visitation.

53. The averments set forth in paragraph 53 of plaintiff's First Amended Complaint constitute an incomplete quotation of a written letter that speaks for itself. The letter advises that "[t]he referral is being closed without services due to your [plaintiff's] decision not to participate in the SOAPP [offenders] program." By way of further response, the letter also asked plaintiff to "contact our Agency if you decide . . . that you are willing to participate in the offender's counseling."

54. The averments set forth in paragraph 54 of plaintiff's First Amended Complaint constitute an incomplete quotation of a written letter that speaks for itself. It is admitted that the quotation consists of a portion of the letter. It is denied that the quotation is complete or that it provides a full recitation of the information the letter provides.

## PLAINTIFF'S LAWSUIT

55. The averments set forth in paragraph 55 of plaintiff's First Amended Complaint are admitted.

56. The averments set forth in paragraph 56 of plaintiff's First Amended Complaint are admitted.

57. The averments set forth in paragraph 57 of plaintiff's First Amended Complaint are admitted.

58. The averments set forth in paragraph 58 of plaintiff's First Amended Complaint are admitted.

59. The averments set forth in paragraph 59 of plaintiff's First Amended Complaint are denied. To the contrary, plaintiff's inability to live with his children and lack of communication with them was the result of his decision to engage in sex with a minor living in his home, resulting in contact to the FCCYS, a required investigation and a finding of indicated child abuse, as well as his refusal to attend the counseling recommended by Mr. Yatsko.

60. The averments set forth in paragraph 60 of plaintiff's First Amended Complaint are denied.

61. The averments set forth in paragraph 61 of plaintiff's First Amended Complaint are denied. To the contrary, no injunctive relief is necessary because under the terms of the Stipulated Order Resolving Preliminary Injunction Motion, plaintiff is able to have contact with his children.

## FIRST CAUSE OF ACTION
### (FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS)

62. The foregoing responses to paragraphs 1 through 61 of plaintiff's First Amended Complaint are incorporated by reference as though fully set forth at length herein.

63.     The averments set forth in paragraph 63 of plaintiff's First Amended Complaint contain conclusions of law to which no response is required. To the extent a response is deemed necessary, same are denied.

64.     The averments set forth in paragraph 64 of plaintiff's First Amended Complaint are denied. To the contrary, the defendants' actions were in full compliance with the mandates of the United States Constitution and state and federal law.

## SECOND CAUSE OF ACTION
### (FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS: PARENTS' RIGHT TO CARE AND CUSTODY OF THEIR CHILDREN)

65.     The foregoing responses to paragraphs 1 through 64 of plaintiff's First Amended Complaint are incorporated by reference as though fully set forth at length herein.

66.     The averments set forth in paragraph 66 of plaintiff's First Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, they are denied. The defendants' actions were in full compliance with the requirements of the United States Constitution and state and federal law.

67.     The averments set forth in paragraph 67 of plaintiff's First Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, they are denied. The defendants' actions were in full compliance with the requirements of the United States Constitution and state and federal law.

68.     The averments set forth in paragraph 68 of plaintiff's First Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, they are denied. The defendants' actions were in full compliance with the requirements of the United States Constitution and state and federal law.

## THIRD CAUSE OF ACTION
## (FIRST AMENDMENT RIGHT TO FAMILIAL ASSOCIATION)

69. The foregoing responses to paragraphs 1 through 68 of plaintiff's First Amended Complaint are incorporated by reference as though fully set forth at length herein.

70. The averments set forth in paragraph 70 of plaintiff's First Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, they are denied. The defendants' actions were in full compliance with the requirements of the United States Constitution and state and federal law.

71. The averments set forth in paragraph 71 of plaintiff's First Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, they are denied. The defendants' actions were in full compliance with the requirements of the United States Constitution and state and federal law.

## FOURTH CAUSE OF ACTION
## (FIFTH AMENDMENT PRIVILEGE AGAINST SELF-INCRIMINATION)

72. The foregoing responses to paragraphs 1 through 71 of plaintiff's First Amended Complaint are incorporated by reference as though fully set forth at length herein.

73. The averments set forth in paragraph 73 of plaintiff's First Amended Complaint constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, they are denied. The defendants' actions were in full compliance with the requirements of the United States Constitution and state and federal law.

**PRAYER FOR RELIEF**

All allegations in plaintiff's Prayer for Relief are denied.

WHEREFORE, the defendants deny that they are liable to plaintiff in any manner or sum whatsoever, or that a declaratory judgment in any form is necessary and appropriate in this case. The

defendants demand judgment in their favor and against the plaintiff, together with any and all such other and further relief as law and equity require.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

74. These defendants are entitled to good faith qualified immunity for their actions.

### SECOND AFFIRMATIVE DEFENSE

75. These defendants acted in a reasonable manner at all times and acted in accordance with the best interests of the minor children, and in accordance with the United States Constitution as well as state and federal law.

76. The finding that plaintiff is an indicated sexual abuser was recommended to be upheld by the Pennsylvania Department of Public Welfare.

77. Plaintiff was evaluated by Therapist Yatsko and recommended for further treatment.

78. Plaintiff was not released from treatment by Mr. Yatsko.

79. The defendants were acting in accordance with the recommendations of a professional with respect to plaintiff's treatment.

### THIRD AFFIRMATIVE DEFENSE

80. These defendants assert the applicability of the doctrines of res judicata and/or collateral estoppel as a complete bar or limitation to recovery.

81. Similar issues raised in this case were raised in plaintiff's appeal that is currently pending before the Pennsylvania Commonwealth Court.

82. The claims of the plaintiff herein that were raised in the state court action are barred.

83. These defendants assert the law of the case as potentially applicable to bar or limit plaintiffs' claims.

**FOURTH AFFIRMATIVE DEFENSE**

84. The plaintiff's First Amended Complaint fails to set forth a cause of action against the individual defendants in their individual capacities.

85. All allegations in the First Amended Complaint relate to the official duties engaged in by the individual defendants and all are within the scope of their employment.

**FIFTH AFFIRMATIVE DEFENSE**

86. The claims against defendant Madison and FCCYS are improperly based on respondeat superior.

87. Respondeat superior is not a proper basis for liability against any supervisor or municipal entity under civil rights theories.

**SIXTH AFFIRMATIVE DEFENSE**

88. The plaintiff's First Amended Complaint fails to set forth a cause of action properly based upon policy, practice or custom against the Fayette County Children and Youth Services.

**SEVENTH AFFIRMATIVE DEFENSE**

89. Plaintiff was provided with all appropriate due process opportunities.

90. Plaintiff was provided all procedural due process.

**EIGHTH AFFIRMATIVE DEFENSE**

91. The plaintiff's First Amended Complaint fails to set forth a substantive due process claim.

92. The allegations in the First Amended Complaint do not amount to deliberate indifference that would shock the conscience.

93. Allegations of the disruption of the relationship between plaintiff and his children are not sufficient to constitute a substantive due process claim.

WHEREFORE, the defendants deny that they are liable to plaintiff in any manner or sum whatsoever, or that a declaratory judgment in any form is necessary and appropriate in this case. The defendants demand judgment in their favor and against the plaintiff, together with any and all such other and further relief as law and equity require.

        MEYER, DARRAGH, BUCKLER
        BEBENEK & ECK, P.L.L.C.

BY: s/Michael R. Lettrich
    MARIE MILIE JONES, ESQUIRE
    PA. I.D. No. 49711
    E-Mail: mjones@mdbbe.com

    MICHAEL R. LETTRICH, ESQUIRE
    PA. I.D. No. 80635
    E-Mail: mlettrich@mdbbe.com

    U.S. Steel Tower, Suite 4850
    600 Grant Street
    Pittsburgh, PA 15219
    Phone: (412) 261-6600
    Fax: (412) 471-2754

    Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT has been served upon all parties either individually or through counsel by:

|         |                                      |
|---------|--------------------------------------|
| _____ | Hand-Delivery                        |
| _____ | First-Class Mail, Postage Prepaid    |
| _____ | Certified Mail-Return Receipt Requested |
| _____ | Facsimile                            |
| _____ | Federal Express                      |
| __X__   | Electronic Service                   |

at the following address:

> Sara J. Rose, Esquire
> American Civil Liberties Foundation of Pennsylvania
> 313 Atwood Street
> Pittsburgh, PA 15213

MEYER, DARRAGH, BUCKLER,
BEBENEK & ECK, P.L.L.C.

Dated:  September 30, 2008    s/Michael R. Lettrich
MARIE MILIE JONES, ESQUIRE
MICHAEL R. LETTRICH, ESQUIRE

Counsel for Defendants

P0852357.1